UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 19-117-HRW

DIVERSICARE LEASING CORP., *d/b/a*
CARTER NURSING & REHABILITATION CENTER,
DIVERSICARE MANAGEMENT SERVICES CO.,
DIVERSICAIRE HEALTHCARE SERVICES, INC.,
ADVOCAT FINANCE, INC., *and*
OMEGA HEALTHCARE INVESTORS, INC.,                                    PLAINTIFFS,


v.                              **MEMORANDUM OPINION AND ORDER**


**CARRIE SUE ROBINSON,**
*Executrix of The Estate of*
*Geraldean Sagraves*,                                                               **DEFENDANT.**


  This matter is before the Court upon Plaintiff Diversicare Leasing Corp. d/b/a Carter Nursing and Rehabilitation Center, Diversicare Management Services, Co., Diversicare Healthcare Services, Inc., Advocat Finance, Inc. and Omega Healthcare Investors, Inc.'s Motion to Compel Arbitration [Docket No. 8] and Defendant Carrie Sue Robinson, Executrix of the Estate of Geraldean Sagraves' Motion to Dismiss [Docket No. 6]. The motions have been fully briefed by the parties and for the reasons set forth herein, the Court finds that dismissal is not warranted and that the arbitration agreement which forms the basis of this lawsuit is legal, binding and enforceable.

**I.**

  Geraldean Sagraves was admitted to the Carter Nursing and Rehabilitation Center on November 4, 2017. As part of the admissions process, her daughter, Carrie Sue Robinson executed several documents, including an optional Arbitration Agreement ("Agreement"). Pursuant to the terms of the Agreement, the parties agreed that:

1

> The Facility and the Resident and/or Resident's Authorized Representative understand and **agree that any legal dispute**, controversy, demand, or claim that arises out of or relates to the Resident Admission Agreement or is in any way connected to the Resident's stay at the Facility **shall be resolved exclusively by binding Arbitration and not by a lawsuit or resort to other court process.**

[Docket No. 8-2, p. 1](emphasis added).

The Agreement sets forth which claims shall be subject to arbitration:

> This agreement to arbitrate shall include, but is not limited to, any claim for payment, non-payment, or refund for services rendered to the Resident by the Facility, claims arising out of State or Federal law, claims based upon breach of contract, breach of fiduciary duty, violation of rights, fraud or misrepresentation, common law or statutory **negligence, gross negligence, malpractice, abuse, neglect or any other claim based on any departure from accepted standards of medical or nursing care,** whether such claims be for statutory, compensatory, or punitive damages, and whether arising in the future, or presently existing. Any and all claims or controversies arising out of or in any way relating to this Agreement including, but not limited to disputes regarding the making, execution, validity, enforceability, voidability, unconscionability, severability, scope, interpretation, preemption, waiver, or any other defense to enforceability of this Agreement shall be submitted to binding arbitration.

*Id.* at p. 2 (emphasis added).

The Agreement further provides an acknowledgment that the parties are waiving their ability and any rights to litigating claims before a judge and jury:

> The Parties acknowledge that we have read this entire Agreement and we understand and agree that by entering into this Arbitration Agreement we are giving up and waiving our Constitutional rights to have any claim or dispute that fills within the scope of this agreement decided in a court of law before a judge and jury.

> *Id.* at p. 5.

The Agreement specifically binds not only the resident but her executor, representative, child, and heir:

2

> [T]he Parties and their successors and assigns, including the Facility's parents, agents, employees, servants, officers, directors, shareholders, medical directors, attorneys, insurers, or affiliated business entities, and **any and all persons whose claim is derived from or on behalf of the Resident, including his or her agents, guardian, power of attorney, parent, spouse, child, executor, administrator, legal representative, heirs, beneficiaries, trustees, and insurers.**

*Id.* at p. 2 (emphasis added).

Ms. Robinson alleges that while she resided at the facility, Ms. Sagraves suffered physical and emotional injuries due to inadequate care, and her health and physical condition deteriorated beyond that caused by the normal aging process resulting in her death in December 2017.

Therefore, despite the Agreement, on February 11, 2019, Ms. Robinson filed a Complaint in Carter Circuit Court, Carter County, Kentucky, Civil Action No. 19-CI-00056 against Plaintiffs, alleging negligence, medical negligence, corporate negligence, violation of long-term care resident's rights, and wrongful death. [Complaint, Docket No. 1-2].

Thereafter, Plaintiffs brought filed this civil action pursuant to § 4 of the Federal Arbitration Act ("FAA"), seeking to enforce the Agreement and to enjoin Ms. Robinson from prosecuting her claims in Carter Circuit Court. [Docket No. 1].

Defendant seeks dismissal of this action under Fed.R.Civ.Proc. 12(b)(6), arguing that the Agreement is invalid and unenforceable. Plaintiffs seek entry of an Order compelling arbitration.

## II.

The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Kentucky Supreme Court has held that the FAA applies to arbitration agreements between long-term care facilities in Kentucky and their residents. *Ping v. Beverly Enterprises*, 376 S.W.3d 581, 589-90 (Ky. 2012).

3

Once prima facie evidence of the arbitration agreement is presented, the burden shifts from the party seeking to enforce the agreement to the party seeking to avoid the agreement. *Louisville Peterbilt, Inc. v. Cox* 132 S.W.3d 850, 857 (Ky. 2004) (citing *Valley Constr. Co., Inc. v. Perry Host Mgmt. Co.,* 796 S.W.2d 365, 368 (Ky. App. 1990)). However, "[t]he party seeking to avoid the arbitration agreement has a **heavy** burden." *Id*. (emphasis added).   The burden is onerous due to the "strong federal policy in favor of arbitration." *Hurley v. Deutsche Bank Trust Co. Ams.,* 610 F.3d 334, 338 (6th Cir.2010) (*quoting Albert M. Higley Co. v. N/S Corp.,* 445 F.3d 861, 863 (6th Cir.2006)). "[A]ny ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

### III.

Defendant argues that the Agreement she signed is not valid.  In her motion, she contends that because her mother lacked the legal capacity to enter into the Agreement, the Agreement is null and void.

Yet, her mother's capacity is not at issue.  Ms. Robinson signed the Agreement both on behalf of and for the benefit of her mother, as well as in her own own personal capacity.  The Agreement provides an acknowledgment for the signatory:

> By signing as the Resident's Representative, I acknowledge that I am either the Resident's court appointed guardian, attorney-in-fact with authority to execute this Arbitration Agreement, or I have been expressly and fully authorized by the Resident to execute this Arbitration Agreement.

*Id*. at p. 5.

Notably, Defendant does not address the issue of her authority to sign the Agreement on behalf of her mother, except to note that there is no allegation in this case that she had a Power of Attorney.

4

Yet, Ms. Robinson does confirm that she was appointed as her mother's guardian by Order of the Carter District Court on January 3, 2018.

Further, by its own terms, the Agreement binds Ms. Sagraves' executor, administrator, legal representative, and heirs, i.e. the Defendant. She unquestionably executed the agreement in her individual capacity, and there is no dispute that she is Ms. Sagraves' child, executor, heir and beneficiary. Therefore, she is bound by the Agreement.

It is well established that one who signs a contract is "presumed to know its contents, and that if he has an opportunity to read the contract which he signs he is bound by its provisions, unless he is misled as to the nature of the writing which he signs or his signature has been obtained by fraud." *Hathaway v. Eckerle*, 336 S.W.3d 83, 89-90 (Ky. 2011). There has been no allegation of fraud, duress or any shenanigans.

Finally, Defendant maintains that the Agreement should be deemed invalid because neither she nor her mother were authorized to bind wrongful death beneficiaries. However, Ms. Robinson is **herself** a wrongful death beneficiary and filed the state court complaint asserting claims for herself as a wrongful death beneficiary. She personally signed the Agreement , which by its express terms binds her as Executor, administrator, legal representative, and heir.

This Court rejected an identical argument in *Golden Gate National Senior Care v. Addington,* 2015 WL 1526135 (Ky. 2015), holding that requirement that all wrongful death beneficiaries sign the arbitration agreement violated the FAA. "Because it is impossible to identify all possible wrongful death claimants at the time an arbitration agreement is signed and the resident is alive, the *Ping* holding would effectively nullify arbitration in the wrongful death context, which is precluded by the FAA." *Id.* at *8.

5

The claims alleged in state court by Defendant falls within the scope of the Agreement which was executed by her and is valid and enforceable.

**IV.**

Having found that Defendant must submit her claims to arbitration, the question remains whether this Court should enjoin her from pursuing her parallel action in state court. The Court finds that such an injunction is necessary, and the Defendant is enjoined from proceeding in Carter Circuit Court. "Although the FAA requires courts to stay their own proceedings where the issues to be litigated are subject to an agreement to arbitrate, it does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Companies, Inv. v. Simmons*, 288 F.3d 878, 893 (6th Cir. 2002) (internal citations omitted). For this reason, "the district court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally, including the Anti Injunction Act." *Id*. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

An injunction in this case "properly falls within the exception for injunctions 'necessary to protect or effectuate [this Court's] judgments.' " *Great Earth*, 288 F.3d at 894.

The Court has determined that the parties entered into a binding arbitration agreement covering the scope of Defendant′s claims. Having made such a determination and compelling him to submit to arbitration, it is necessary to enjoin Defendant from pursing his claims in any alternative forum, including state court. Otherwise, she would be permitted to circumvent her arbitration agreement and in doing so, circumvent this Court's judgment that she be compelled to arbitrate his claims.

6

Accordingly, the Court will order that Defendant be enjoined from proceeding with her pending state-court action.

## V.

A valid and binding arbitration agreement was executed by the parties. As such, this matter must be referred to arbitration.

Accordingly, **IT IS HEREBY ORDERED**:

    (1)    Defendant's Motion to Dismiss [Docket No. 6] be **OVERRULED**;

    (2)    Plaintiffs' Motion to Compel Arbitration and to Enjoin Defendant [Docket No. 8] be **SUSTAINED**;

(3) Defendant shall prosecute all of her claims arising out of Geraldean Sagraves' residency at Carter Nursing & Rehabilitation Center in accordance with the terms of the Arbitration Agreement ; and

(4) that this matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

This Court will retain jurisdiction over this matter for the purpose of enforcing any arbitration award.

This 11th day of August 2020.

Signed By:
_Henry R Wilhoit Jr._
United States District Judge